1  WAYNE C. MAYER (62031)
   Law Offices of Wayne C. Mayer
2  4619 Van Dyke Avenue
   San Diego, CA 92116
3  (619) 281-9263
   fax (619) 281-2963
4

5  Attorney for Material Witnesses:   MIGUEL ANGEL ALANIZ MORALES
                                      MARIA ESTER MATA MARTINEZ
6                                     CRISTOBAL SALAZAR FLORES

7

8
                    UNITED STATES DISTRICT COURT
9
                    SOUTHERN DISTRICT OF CALIFORNIA
10

11

12
   UNITED STATES OF AMERICA,        ) Case No.: 08 CR 1559 H
13                                  )
              Plaintiff,            ) POINTS AND AUTHORITIES IN SUPPORT
14                                  ) OF MIGUEL ANGEL ALANIZ MORALES,
        vs.                         ) MARIA ESTER MATA MARTINEZ and
15                                  ) CRISTOBAL SALAZAR FLORES MOTION
   JULIO CESAR NUNEZ GOMEZ,         ) FOR VIDEO TAPED DEPOSITION
16                                  )
              Defendant(s).         ) DATE: June 10, 2008
17                                  ) TIME: 2:00 p.m.
                                      DEPT: Magistrate Porter
18
          Material witnesses MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA
19
   MARTINEZ and CRISTOBAL SALAZAR FLORES (hereafter "Material Witnesses) by and
20
   through his counsel, Wayne C. Mayer, submits the following Memorandum of Points and
21
   Authorities in support of his motion for a court order to take the Material Witness' videotaped
22
   deposition.
23
   /////
24
   /////
25

                                            -1-                              08 CR 1559 H

**I.**

**INTRODUCTION**

On or about May 2, 2008, the material witness (es) was detained by the United States Border Patrol in connection with the arrest of defendant in the above-entitled case. The defendant wase charged with intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens had come to, entered and remained in the United States in violation of law, did transport and move said aliens within the United States in furtherance of such violation of law, in violation of Title 8 U.S.C. sec. 1324 (a)(2)(B)(ii).   The material witnesses were observed/ discovered along the United State and Mexico border.

The following is taken from the court record as discovery has not been made available.

Agents with the United States Border Patrol responded to a call from the National Guard Unit manning the West Scope area.  They reported a group of seven individuals on six bikes traveling noth through an area known as Goat Canyon.  Goat Canyon is located approximately four miles west of the San Ysidro, California Port of Entry and is directly north of the Untied States/Mexico boundary.

When USBP Agent Cooper arrived, West Scope advised that another Border Patrol Agent had apprehended six of the individuals approximately 200 yards north of Goat Canyon.  It was reported the seventh individual had separated from the group and was running south. Agent Cooper went to the subjects last known location and saw fresh foot prints leading into the brush. After a brief search Agent Cooper discovered and apprehended the subject now indentified as JULIO NUNEZ GOMEZ hiding in the brush.  Subject JULIO NUNEZ GOMEZ did not have proper identification and indicated he was a citizen and national of Mexico.  JULIO NUNEZ GOMEZ and the other six individuals were taken into custody.

JULIO NUNEZ GOMEZ ( hereinafter NUNEZ) was advised of his Miranda Warnings and was willing to make a statement without an attorney present.  NUNEZ stated he is an active

foot guide in the Imperial Beach area working for an individual named "El Gallo".  NUNEZ is paid approximately $200.00 per individual using bicycles to smuggle illegal aliens.  NUNEZ freely admitted working as a foot guide in today's event.

Material witnesses MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, CRISTOBAL SALAZAR FLORES were three of the six illegal individuals apprehended on bicycles being guided by defendant NUNEZ.

The witnesses who is the subject of this motion MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, CRISTOBAL SALAZAR FLORES (hereafter "Material Witnesses) were detained and identified as JULIO NUNEZ GOMEZ as the guide of the group.  They were all detained.  The material witnesses MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES VASQUEZ were going to pay between $2,000 and $3,000 to be smuggled into the United States.

The material witnesses are three of the six (6) illegal aliens identified as material witnesses and detained that day by the United States Border Patrol.  Three witnesses were detained for prosecution of the defendant.   The witnesses MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES have no one in the United States who can assist them in making or posting bond and therefore they remain in custody pending a resolution of this matter or a video deposition.

The material witnesses and defendants were transported to the Border Patrol station, read their Miranda rights, stated they understood their rights and were willing to make statements about the offense without an attorney being present.

MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES were detained for prosecution of the defendant.

MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES indicates to me that they have family in Mexico who need their efforts and attention to support the families left behind in Mexico. They each came to the United States work and send money back to Mexico to support their families.

They indicated to me they have no family or friends in the United States that could assist the witnesses in posting a material witness bonds and therefore will remain in custody until the defendant pleads guilty or his testimony is preserved by a video deposition.

It is unnecessary to keep the Material Witnesses in custody because their testimony can be preserved through the use of a videotape deposition. The Material Witnesses therefore requests a court order that testimony of the Material Witnesses MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES be preserved through the use of videotape deposition and, thereafter, that the material witnesses be allowed to return to Mexico.

**II.**

**THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPE DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP THEM IN THIS COUNTRY**

Section 3144 of Title 18 of the United States Code provides:

No material witness may be detained…if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice.

A material witness may request that his deposition be taken and that he be released at the conclusion of the deposition. [Federal Rules Crim. P. 15(a)]. Where the material witness' motion demonstrates his testimony "can be adequately secured by deposition" and that "further

detention is not necessary to prevent a failure of justice" the court *must* order his deposition and prompt release.[1] *Torres-Ruiz v. United States* 120 F.3d 933, 935 (9th Cir. 1997) [citing <u>Aguilar-Ayala v. Ruiz</u> 973 F.2d 411, 413 (5th Cir. 19920]. <u>*See also,*</u> 8 U.S.C. sec. 1324(d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure 15.

1. <u>The Material Witness' Testimony Can Be Adequately Secured By Deposition</u>

The Material Witness should not be detained because their testimony can be adequately secured by deposition. This is a routine alien smuggling case. Based on interviews with the Material Witness and the report submitted by the arresting agency, the facts to which the Material Witness are competent to testify are straightforward. (see Mayer Declaration at para. 2-8). They identify the foot guide (see Mayer Declaration at para. 9). The defendant NUNEZ confesses to being the guide (see Mayer Declaration at para 26). More over, the Government's case does not depend on the testimony of the Material Witness alone. Law enforcement agents identify the foot guide wh separated from the other illegals and was hiding in the brush alone when apprehended (*see Mayer Declaration at para. 4). Neither the Material Witnesses nor their counsel have been informed by either the government or defense attorneys of any reason why their testimony cannot be adequately secured by deposition. (see Mayer Declaration Para. 27).

2. <u>Further Detention of the Material Witness Is Not Necessary To Prevent a Failure of Justice</u>

Deposition of material witness may be used at trial in criminal cases, so it is only in *exceptional circumstances*, where the interests of justice will be denied, that a videotape deposition is not appropriate. *See Torres-Ruiz v. United States* 120 F.3d at 936 (9th Cir. 1997); 8

---

[1] While a witness may be detained for a reasonable period of time, the court must vigilantly guard an undocumented alien's "overriding liberty interest" and schedule a videotape deposition at the earliest possible time. <u>See, Aguilar-</u>

U.S.C. sec. 1324(d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure 15.

Defendants may be present at the videotape deposition and therefore have a full and fair opportunity to confront and cross-examine the witness. The videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. *Dutton v. Evans* 400 U.S. 89 (1970).

The government or defendant can effectuate the detention of a material witness upon a showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial, and (2) that the use of deposition testimony will deny the defendant a fair trial and that live testimony would somehow be significantly different. *See Aguilar-Ayala v. Ruiz* 973 F.2d 413 (5th Cir. 1992), *United States v. Humberto-Rivera* 859 F.2d 1204, 1208 (4th Cir. 1988). That would be a difficult burden in this case because the Material Witnesses have indicated they will voluntarily return for trial. (see Mayer Declaration at para. 29)[2]

Neither the Material Witness nor his counsel has been informed by either the government or defense attorney(s) of any reason why detention is necessary to prevent a failure of justice. (see Mayer Declaration at para. 27 and 28)

For these reasons, the Material Witnesses request that the Court immediately order the taking of his videotape deposition, and thereafter that they be immediately returned to their country of origin.

**III.**

---

Ayala v. Ruiz, 973 F.2d 411, 419 (5th Cir.1992).USDCT not and mo video

[2] The government would undoubtedly take reasonable steps to secure the witness's testimony at trial by personally subpoenaing the witness, providing travel costs, and arranging for legal re-entry of the alien (See United States v. Eufracio-Torres 890 F.2d 266, 270.

## A MATERIAL WITNESS MAY NOT BE DETAINED IF THE TESTIMONY OF SUCH WITNESS CAN BE SECURED BY DEPOSITION, ABSENT A SHOWING OF A FAILURE OF JUSTICE

"No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can be secured by deposition, and if further detention is not necessary to prevent a failure of justice." 18 U.S.C.S. sec. 3144. "Upon a such a showing, the district court **must** order [the material witness'] deposition and prompt release." *Torres_Ruiz v. United States District Court for the Southern District of California,* 120 F3d 933, 935 (9th Cir. 1997) (*quoting Aguilar-Ayala v. Ruiz,* 973 F.2d 411, 413 (5th Cir. 1992)) (emphasis in original).

Federal Rules of Criminal Procedure, Rule 15(a)(2), provides that "[a] witness who is detained under 18 U.S.C. sec. 3144 may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness signs under oath the deposition transcript."

Prolonged incarceration of the material witness solely because of his/her inability to secure bond violates the unambiguous language of the statue and straightforward rulings of the Courts of Appeal prohibiting such practices. "[I]t is clear from a conjunctive reading [Federal Rules of Criminal Procedure, Rule 15(a)] with 18 U.S.C. Section] 3144 that the discretion to deny the motion is limited to those instances in which the deposition would not served as an adequate substitute for the witness' live testimony: that a failure of justice would ensue were the witness released. <u>Absent a failure of justice, the witness must be released</u>." *Torres-Ruiz*, 120 F.3d at 935 (*citing, Aguilar-Ayala*, at 413 (internal citations and quotations omitted)(emphasis added).

## IV.

## THE BURDEN IS ON THE DEFENDANTS TO SHOW THE NEED FOR A VIDEO DEPOSITON

To defeat a motion for video deposition of the material witness, the burden is on the opposing party to show admission of deposition testimony will result in a "failure of justice." 18 U.S.C.S. sec 3144; Torres-Ruiz, at 935.  To meet this burden, the defendants must make a plausible showing the witness' testimony would be both material and favorable to their defense. *See United States v. Valenzuela-Bernal,* 458 U.S. 858, 867 (1982).

V.

**A MATERIAL WITNESS DOES NOT HAVE TO SHOW EXCEPTIONAL CIRCUMSTANCES**

The plain language of Federal Rules of Criminal Procedure Rule 15(a)(2), demonstrates that a material witness who files a motion for video deposition is not required to demonstrate exceptional circumstances.  Where a material witness moves for a Rule 15 deposition, she need not show such "exceptional circumstances."  *United States v. Chen,* 214F.R.D. 578, 579 (N.D. Cal. 2003); *see also*, *Aguilar-Ayala v. Ruiz*, 973 F.2d at 420 (5th Cir. 1992)(ff. 6); *United States v. Allie*, 978 F.2d 1401, 1404 (5th Cir. 1992).  Any confusion regarding the requirement of exceptional circumstances was clarified in 2002 when Congress amended Rule 15 to distinguish motions brought by material witnesses for depositions from motions brought by other parties.  *United States v. Chen*, 214 F.R.D. at 580 (ff 2).  Indeed, it is only where parties other than the detained material witness file a motion for the witness' deposition that a showing of exceptional circumstances is required.  *See, Fed. Rule Crim. Pro., Rule 15(a)(1); see also, Chen*, 214 F.R.D. at 579; *Allie*, 978 F.2d at 1404.

However, assuming arguendo that a showing of exceptional circumstances is required, it is well established that prolonged incarnation is in and of itself sufficient to meet this

requirement. *United States v. Rivera,* 859 F.2d 1204, 1207 (4th Cir. 1988); *see also, Chen*, 214 F.R.D. at 580-581.

## VI.

## THERE IS NOT SIXTH AMENDMENT VIOLATION

Courts have consistently upheld the principle that prior-recorded testimony later admitted at trial does not violate a defendant's Sixth Amendment confrontation rights so long as: (1) there is some exceptional circumstance where, in the interests of justice, it is necessary to take and preserve testimony outside the court; (2) the prior testimony was given at a hearing, proceeding or deposition; (3) an authorized person put the witness under oath; (4) the defendant had a right to be present; (5) the defendant was represented by counsel who was given a complete and adequate opportunity to cross-examine the witness; and (6) the witness meets the criteria for unavailability.  See Fed.R. Civ. P. 28 and 30; Fed. R. Evid. 804(a); *see also California v. Green*, 399 U.S. 149, 165-166 (1970); *Torres-Ruis* at 933; *Aguilar-Ayala* at 413.

## VII.

### IF THE COURT DENIES THE MATERIAL WITNESSES' REQUEST TO TAKE THEIR VIDEOTAPE DEPOSITION, THEY REQUEST THAT THE GOVERNMENT PROVIDE THEM WITH A STATEMENT OF REASONS WHY THEY HAVE TO REMAIN IN CUSTODY

Where a witness has been held in custody for more than 10 (ten) days, the government has an obligation to prepare a biweekly report stating the reasons why such witness should not be released with or without the taking of a deposition. [Fed. Rules Crim. Proc., Rule 46(g)].

The Material Witness is not aware of any reason why he should remain in custody, but to the extent the government knows of any such reason, he hereby requests that the government provide him with a copy of a biweekly written report indicating these reasons.

## VIII.

**CONCLUSION**

For the foregoing reasons, the Material Witnesses MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES respectfully requests that their Motion for the Taking of Videotape Deposition be granted.  In the alternative, the witness requests he immediately be provided with a statement of reasons why he needs to remain in custody.

Dated:  May 22, 2008                              s/ Wayne C. Mayer
                                                  Wayne C. Mayer
                                                  Attorney for Material Witnesses
                                                  MIGUEL ANGEL ALANIZ MORALES,
                                                  MARIA ESTER MATA MARTINEZ,
                                                  CRISTOBAL SALAZAR FLORES