1  WAYNE C. MAYER (62031)
   Law Offices of Wayne C. Mayer
2  4619 Van Dyke Avenue
   San Diego, CA 92116
3  (619) 281-9263
   fax (619) 281-2963
4

5  Attorney for Material Witnesses:   MIGUEL ANGEL ALANIZ MORALES
                                       MARIA ESTER MATA MARTINEZ
6                                      CRISTOBAL SALAZAR FLORES

7

8
                        UNITED STATES DISTRICT COURT
9
                       SOUTHERN DISTRICT OF CALIFORNIA
10

11

12
   UNITED STATES OF AMERICA,          ) Case No.: 08 CR 1559 H
13                                    )
              Plaintiff,              ) DECLARATION OF ATTORNEY WAYNE
14                                    ) C. MAYER IN SUPPORT OF MATERIAL
       vs.                            ) WITNESSES  ALANIZ MORALES, MARIA
15                                    ) ESTER MATA MARTINEZ, CRISTOBAL
   JULIO CESAR NUNEZ GOMEZ,           ) SALAZAR FLORES MOTION FOR VIDEO
16                                    ) TAPED DEPOSITION
              Defendant(s).           )
17                                    ) DATE: June 10, 2008
                                        TIME:  2:00 p.m.
18                                      DEPT:  Magistrate Porter

19
       I, Wayne C. Mayer, declare:
20
       I am the attorney appointed to represent the material witness (es) MIGUEL ANGEL
21
   ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR
22
   FLORES in the Prosecution of defendant above referenced;
23
   1. On or about May 2, 2008, the material witness (es) were detained by the United States
24
      Border Patrol in connection with the arrest of defendant in the above-entitled case. The
25
      defendant was charged with intent to violate the immigration laws of the United States,

                                    -1-                              08 CR 1559 H

knowing and in reckless disregard of the fact that aliens had come to, entered and remained in the United States in violation of law, did transport and move said aliens within the United States in furtherance of such violation of law, in violation of Title 8 U.S.C. sec. 1324 (a)(2)(B)(ii).  The material witnesses were observed/ discovered along the United State and Mexico border riding bicycles.

2. Agents with the United States Border Patrol responded to a call from the National Guard Unit manning the West Scope area.  They reported a group of seven individuals on six bikes traveling north through an area known as Goat Canyon.  Goat Canyon is located approximately four miles west of the San Ysidro, California Port of Entry and is directly north of the Untied States/Mexico boundary.

3. When USBP Agent Cooper arrived, West Scope advised that another Border Patrol Agent had apprehended six of the individuals approximately 200 yards north of Goat Canyon.  It was reported the seventh individual had separated from the group and was running south.

4. Agent Cooper went to the subjects last known location and saw fresh foot prints leading into the brush.  After a brief search Agent Cooper discovered and apprehended the subject now indentified as JULIO NUNEZ GOMEZ hiding in the brush.  Subject JULIO NUNEZ GOMEZ did not have proper identification and indicated he was a citizen and national of Mexico.  JULIO NUNEZ GOMEZ and the other six individuals were taken into custody.

5. JULIO NUNEZ GOMEZ (here in after NUNEZ) was advised of his Miranda Warnings and was willing to make a statement without an attorney present.

6. NUNEZ stated he is an active foot guide in the Imperial Beach area working for an individual named "El Gallo".

7. NUNEZ is paid approximately $200.00 per individual using bicycles to smuggle illegal aliens. NUNEZ freely admitted working as a foot guide in today's event.

8. Material witnesses MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES were three of the six illegal individuals apprehended on bicycles and admitted to being guided by defendant NUNEZ.

9. The witnesses who are the subject of this motion MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES (hereafter "Material Witnesses) were detained and identified as JULIO NUNEZ GOMEZ as the guide of the group.

10. The material witnesses MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES VASQUEZ were going to pay between $2,000 and $3,000 to be smuggled into the United States.

11. The material witnesses are three of the six (6) illegal aliens identified as material witnesses and detained that day by the United States Border Patrol for prosecution of the defendant.

12. The witnesses MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES have no one in the United States who can assist them in making or posting bond and therefore they remain in custody pending a resolution of this matter or a video deposition.

13. I have made a diligent search and contacted several individual acquainted with the material witnesses however no one has come forward to be a surety and it is unlikely that anyone will qualify to be a surety for any of the material witnesses.

14. The material witnesses and defendants were transported to the Border Patrol station, read their Miranda rights, stated they understood their rights and were willing to make statements about the offense without an attorney being present.

15. MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES were detained for prosecution of the defendant.

16. MIGUEL ANGEL ALANIZ MORALES, MARIA ESTER MATA MARTINEZ, and CRISTOBAL SALAZAR FLORES indicate to me that they have family in Mexico who need their efforts and attention to support the families left behind in Mexico.  They each came to the United States work and send money back to Mexico to support their families.

17. They indicated to me they have no family or friends in the United States that could assist the witnesses in posting a material witness bonds and therefore will remain in custody until the defendant pleads guilty or his testimony is preserved by a video deposition.

18.  The defendant JULIO NUNEZ GOMEZ was read his Miranda rights which he indicated he understood and waived.

19. Defendant NUNEZ was read his Miranda rights which he indicated he understood and was willing to waive.  Defendant stated he is a citizen of Mexico without legal right to enter or remain in the United States.  He admitted to guiding the illegal aliens into the United States.  He admitted he receives $200.00 for each illegal alien that he successfully guides into the United States;

20. Material witnesses stated they are a citizens and nationals of Mexico without valid immigration documents to enter or remain in the United States legally.  They indicated they were to pay a smuggling fee.  They admitted that the defendant NUNEZ was their guide, that he was giving orders, organizing and giving instructions and explaining to the witnesses what they could expect when they crossed into the United States;

21. I have made a diligent search to locate friends or family in the United States who could assist the material witnesses;

22. A complaint charging the defendants with smuggling illegal aliens was filed May 8, 2008;

23. The defendant was thereafter indicted and the defendant arraigned on the indictment in this case and is now set for motions in U. S. District Court for the Southern District of California July 7, 2008 before Judge Huff;

24. During my interview with the material witnesses they indicated they had come to the United States in search of employment in order to support their needy families that remained behind in Mexico and they needed to work to support their families;

25. The facts to which the material witnesses would testify are straight forward;

26. The defendant confessed to assisting and guiding the material witnesses across the border in an effort to circumvent immigration laws;

27. I have not been advised by either government or defense counsel of any reasons why the witnesses' testimony cannot be adequately secured by deposition;

28. I have not been advised by either government or defense counsel of any reason why a detention is necessary to prevent a failure of justice;

29. The material witnesses indicate to me they are willing to return to the United States for trial in this matter should it become necessary;

30. The parties have not been able to negotiate a resolution of this matter or stipulate to a date for a video deposition in order to facilitate the release of the material witnesses and their return to their country of origin and I believe that because of the relationship of the various parties this case is likely to proceed to trial;

1. I make this declaration under penalty of perjury and the laws of the United States of America
2. and California.
3. Dated: <u>May 22, 2008</u>     <u>s/ Wayne C. Mayer</u>
4.                                            Wayne C. Mayer
                                              Attorney for Material Witnesses